```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        -against-                    MEMORANDUM & ORDER
                                     12-CR-0554-1 (JS)
MICHAEL ANDREWS,

                    Defendant.
----------------------------------X
APPEARANCES
For United States:  Charles N. Rose, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, New York 11722

For Defendant:      Michael Andrews, pro se
                    Register No. 80824-083
                    FCI Forrest City Low
                    P.O. Box 9000
                    Forrest City, Arkansas 72336
```

SEYBERT, District Judge:

Currently before the Court is Defendant Michael Andrews's ("Defendant") pro se motion for a reduction of his sentence, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of health concerns surrounding the COVID-19 pandemic. (Mot., ECF No. 84; Reply, ECF No. 87.) The Government opposes the motion. (Gov't Opp., ECF No. 86.) Upon due consideration, the motion is DENIED.

BACKGROUND

I.  Factual and Procedural History

As relevant here, pursuant to a plea agreement with the Government, on March 15, 2013, Defendant pled guilty to one count

of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). (Min. Entry, ECF No. 37; Indictment, ECF No. 13; Presentence Investigation Report ("PSR"), ECF No. 47 (sealed), ¶¶ 1-2.) Defendant's offense carried a ten-year statutory minimum[1] and the Sentencing Guidelines provided a range of 121 to 151 months' incarceration. (PSR Addendum, ECF No. 70 (sealed), ¶ 83.) On May 22, 2015, the Court sentenced Defendant to a term of 126 months' incarceration to be followed by five years of supervised release. (Min. Entry, ECF No. 71; Sent'g J., ECF No. 73; Sent'g Tr., ECF No. 75.)

II. The Pending Motion and Defendant's Term of Incarceration

Defendant, proceeding pro se, filed his motion for compassionate release on or around October 22, 2020. (See Mot.) Defendant has been detained for approximately nine years and is 46 years old. He is currently incarcerated at Forrest City Low FCI and is expected to be released on September 23, 2021. Find An Inmate, BOP.gov, www.bop.gov/inmateloc/index.jsp (last visited Feb. 4, 2021). According to the information maintained by the Bureau of Prisons ("BOP") for Forrest City Low FCI, as of February 5, 2021, 4 inmates and 29 staff members are listed as "positive"

---

[1] The statutory minimum would not have applied if the Court had determined Defendant satisfied the mitigating factors in 18 U.S.C. § 3553(f). (PSR ¶ 83.)

2

for COVID-19, and 746 inmates and 4 staff members are listed as "recovered" from the virus. See COVID-19 Cases, BOP.gov, http://www.bop.gov/coronavirus/ (last visited Feb. 5, 2021). While incarcerated, Defendant has completed a drug rehabilitation program, education programs, and has an "exemplary discipline record." (Mot. at ECF p. 8.)  If released, Defendant intends to reside with his fiancé in Elmhurst, New York and work for Shorter Construction in Riverhead, New York. (Id. at ECF p. 14.)

DISCUSSION

I. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, No. 02-CR-0743, 2020 WL 497987, at *1 (S.D.N.Y. Apr. 6, 2020)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

3

Under the statute, courts have discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020); see id. at 236 (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling"). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)) (emphasis and alteration in original).

4

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted). A defendant "bears the burden of showing that his release is justified." United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020).

II. Analysis

The Government points out that it is "unclear" whether Defendant exhausted his administrative remedies prior to filing the motion. (Gov't Opp. at 3 n.5.) However, in support of his motion, Defendant attached a "Request for Administrative Remedy," wherein he sought compassionate release, that the Warden denied on August 20, 2020. (See Inmate Req., Mot., Ex. B., at ECF pp. 42-46 (Defendant's request for relief to the Warden); see id. at ECF p. 47 (the Warden's denial).) As such, the Court "need not wade into the exhaustion question because more than 30 days have lapsed since the warden . . . received [Defendant's] petition for compassionate release." United States v. Genovese, No. 18-CR-

5

0183, 2020 WL 4004164, at *2 (S.D.N.Y. July 15, 2020) (citations omitted).

Turning to the merits, Defendant argues that the spread of COVID-19 among the prison population, his age, deteriorating health, and the time he has served constitute "extraordinary and compelling" reasons justifying an early release. (Mot. at ECF p. 7.) Specifically, Defendant, who is 46 years old, represents that he suffers from high blood pressure (hypertension) and is designated as a "vulnerable inmate." (See id. at ECF p. 3.) "Although the Court takes seriously the threat posed by the pandemic to incarcerated individuals and the heightened risk of complications faced by individuals," such as Defendant, who suffer hypertension (Mot. at ECF pp. 3-4), "the Court finds that the requested relief is inconsistent with the section 3553(a) factors." United States v. Benitez, No. 15-CR-0060, 2020 WL 7711855, at *3 (E.D.N.Y. Dec. 28, 2020).

The Court is pleased at Defendant's personal progress and rehabilitation while incarcerated. However, "there is a strong need for [him] to serve the sentence that was imposed." United States v. Graham, No. 16-CR-0786, 2020 WL 5604050, at *3 (S.D.N.Y. Sept. 17, 2020). Indeed, "[t]he nature and circumstances of his offense[s] of conviction -- to which he pleaded guilty -- are serious." United States v. Asaro, No. 17-CR-0127, 2020 WL 1899221, at *7 (E.D.N.Y. Apr. 17, 2020). As the Court recognized at

6

sentencing, "this is a serious crime" and Defendant has a lengthy history of selling and distributing drugs, "not once, not twice, but many times." (Sent'g Tr. at 17:7-8, 17-21.) And yet, Defendant, who "had [his] way all along," was not deterred; he chose "to do what [he] wanted to do when [he] wanted to do it," despite "tremendous opportunities," such as probation and other programs. (Id. at 16:18-21, 17:2-3.) The Court remains firm that his conduct "needs to be deterred" (id. at 17:19-20) and, therefore, a "reduced sentence would not reflect the harm suffered" United States v. Itzchaki, No. 16-CR-0236, 2020 WL 4194800, at *2 (S.D.N.Y. July 21, 2020). That Defendant has now served nearly nine years of his sentence does not change this conclusion. The Court accordingly denies release at this time.[2]

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[2] To the extent not already pursued, Defendant may seek relief in the form of a furlough under 18 U.S.C. § 3622 or home confinement as contemplated in the CARES Act, Pub. L. No. 116-136 (2020), and the Attorney General's April 3, 2020 memorandum to the BOP. The decision to grant that relief, however, is reserved to the discretion of the BOP.

CONCLUSION

For the reasons stated herein, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 84) is DENIED without prejudice to renew.

The Government is directed to serve the pro se Defendant with a copy of this Order and file proof of service to ECF forthwith.

SO ORDERED.

/s/ JOANNA SEYBERT\
Joanna Seybert, U.S.D.J.

Dated: February __5__, 2021\
      Central Islip, New York