UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------

UNITED STATES OF AMERICA,

    -against-

MICHAEL ANDREW,

       Defendant.

--------------------------------

ORDER
No. 12-CR-0554 (JS)

APPEARANCES

For Defendant:    Michael Andrews, Pro Se
5407 Second Avene, Apartment 3A
Brooklyn, New York  11220

For United States:  No Appearance[1]

SEYBERT, District Judge:

Presently before the Court is the pro se motion of Defendant Michael Andrews ("Defendant") seeking early termination of his five years of supervised release (hereafter, the "Motion"). (See ECF No. 90.)  For the reasons stated herein, the Motion is DENIED.

BACKGROUND

The Court presumes the reader's familiarity with the background of this case.  However, for the reader's convenience, the following summary is provided.  On March 15, 2013, and pursuant

---

[1] The Government was not directed to file a response to Defendant's Motion.

to a plea agreement with the Government, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and cocaine base. (See Min. Entry, ECF No. 37; Indictment, ECF No. 13; Presentence Investigation Report, ECF No. 47 (sealed), ¶¶ 1-2.)  On May 22, 2015, Defendant was sentenced to a term of 126 months' incarceration, followed by five years' supervised release.  (See Min. Entry, ECF No. 71; Sent'g J., ECF No. 73; Sent'g Tr., ECF No. 75.)

Defendant was released from Bureau of Prisons ("BOP") custody on September 23, 2021, at which time he began his supervised release.  See Fed. Bureau of Prisons: Find an Inmate, Michael Andrews (BOP Reg. No. 80824-083), https://www.bop.gov/inmateloc/ (last visited Apr. 6, 2026) (stating Defendant "Not in BOP Custody as of: 09/23/2021"); (see also Motion at 1).  In seeking early termination of his supervised release, Defendant states "[a]t the time of this Motion, he successfully completed 4 ½ years of his supervised release period." (Motion at 1.)  Further, Defendant asserts, inter alia, he "is fully compliant with his supervision requirements and has committed no violations."  (Id.)  Conspicuously, Defendant does not state whether the Probation Department or the Government support his Motion; indeed, there is no mention of either entity in the Motion.  (See Motion, in toto.)

DISCUSSION

I.   Applicable Law

It is well-established a court has discretion to "terminate a term of supervised release and discharge a defendant 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Gamble, No. 18-CR-0606, 2025 WL 3482731, at *1 (E.D.N.Y. Dec. 4, 2025) (quoting United States v. Melvey, No. 07-CR-0055, 2018 WL 6624193, at *1 (E.D.N.Y. Dec. 18, 2018) (quoting 18 U.S.C. § 3583(e)(1); further citation omitted); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. McKay, 352 F. Supp.2d 359, 360-61 (E.D.N.Y. 2005); United States v. Andrew, No. 22-CR-0032, 2025 WL 1004752, at *2 (E.D.N.Y. Apr. 2, 2025).  In exercising this discretion, the court must consider certain Section 3553(a) Factors.  See 18 U.S.C. § 3583(e)(1); see also United States v. Scarpa, No. 18-CR-0123, 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); Melvey, 2018 WL 6624193, at *2 ("When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).  These factors are also weighed by the Court in determining the initial sentence." (citing § 3583(e)(1); Lussier, 104 F.3d at 36 (stating court must consider certain

Page 3 of 7

factors in Section 3553(a) before permitting early termination of a term of supervised release))).  "[A] statement that the district court has considered the statutory factors is sufficient."  United States v. Parker, No. 21-CR-0341, 2025 WL 1635971, at *3 (E.D.N.Y. June 9, 2025) (citation modified).

"Early termination is not, however, 'warranted as a matter of course'."  United States v. Rosario, No. 17-CR-0027, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015); further citation omitted)); Parker, 2025 WL 1635971, at *2 (same). Rather, "'[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" Bastien, 111 F. Supp. 3d at 321 (quoting United States v. Fenza, No. 03-CR-0921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)); see also Andrew, 2025 WL 1004752, at *3 (while commending defendant for "complying with the conditions of his current supervision and for his overall progress since being released from custody", stating "such compliance is expected of one under supervision" and, therefore, denying early termination of supervised release (collecting cases)).  Indeed, as the Second Circuit explained in Lussier, "early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally

good behavior.'" United States v. Osorio, No. 11-CR-0524, 2016 WL 4098589, at *1 E.D.N.Y. July 27, 2016); Melvey, 2018 WL 6624193, at * 2 (same); see also McKay (stating "[c]hanged circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals"). "It is [the defendant's] burden to show that such early termination is appropriate." Scarpa, 2024 WL 1886681, at *1.

II.  Application

Defendant has not met his burden of showing early termination of his supervised release is warranted.  His bald statements of compliance fall well short of demonstrating, e.g., exceptionally good conduct, or that granting the requested early termination would be in the interest of justice.  See 18 U.S.C. § 3583(e)(1); cf. Parker, 2025 WL 1635971, at *2 (collecting cases where courts have granted motions for early termination in light of defendants' rehabilitative efforts and exceptionally good conduct), and at *4 ("Even in cases where individuals have fully complied with the terms of their supervised release, courts have found that such conduct does not amount to 'exceptionally good behavior' as to render the conditions of their supervised release 'too harsh or inappropriately tailored to . . . the general punishment goals of [S]ection 3553(a).'" (quoting Lussier, 104

F.3d at 36; collecting cases)).  Yet, it is his burden to do so. See Scarpa, 2024 WL 1886681, at *1.  Hence, given the inadequacies of Defendant's Motion, i.e., his failure to present facts and circumstances, and supporting documentation, demonstrating "exceptionally good behavior", the Court finds consideration of the relevant Section 3553(a) Factors continue to require supervised release.  (See, e.g., Case Docket, Feb. 5, 2021 Order, ECF No. 88 (in denying Defendant's compassionate release motion, discussing the Section 3553(a) Factors and finding, in this case, they counsel against granting compassionate release; highlighting the serious nature of Defendant's offense of conviction).)  Simply put:  Without more, post-incarceration conduct which is unblemished is an "insufficient reason to terminate . . . supervised release since, if it were, the exception would swallow the rule."  McKay, 352 F. Supp.2d at 361 (quoting United States v. Medina, 17 F. Supp.2d 245 (S.D.N.Y. 1998)); see also Melvey, 2018 WL 6624193, at *2 (same); Osorio, 2016 WL 4098589, at *2 (same); contra United States v. Phillip, No. 14-CR-0264, slip op. (E.D.N.Y. July 28, 2025) (reducing defendant's term of supervised release where defendant provided detailed examples of exceptionally good behavior and reintegration into society, together with several letters of support).

<u>CONCLUSION</u>

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 90) is **DENIED** in its entirety without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order to Defendant at his address of record.

                              **SO ORDERED.**

                               /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:  April 8, 2026
        Central Islip, New York